# UNITED STATES DISTRICT COURT
## for the
## Southern District of New York

Case No.

CIVIL COMPLAINT
28 U.S. Code § 1331
28 U.S. Code § 1343
42 U.S. Code § 1983
42 U.S. Code § 1985
42 U.S. Code § 1986
JURY DEMANDED

------------------------------------------------x

**James W. Gilliam, LLB,**

Plaintiff,

-v-

**GREENBERG TRAURIG, LLP,**
**Carmen Beauchamp Ciparick, Esq. (of Counsel), and**
**Toby S. Soli, Esq. (Shareholder),**

Defendants.

------------------------------------------------x

# COMPLAINT FOR A CIVIL CASE

## TO THE U.S. DISTRICT COURT OF THE SOUTHERN DISTRICT OF

## NEW YORK

## PRELIMINARY STATEMENT

Plaintiff JAMES W. GILLIAM, LLB – appearing *pro se* – complains against the above captioned Defendants, upon personal knowledge and/or upon information and belief as to all other matters, respectfully alleging as follows:

### I. The Parties to This Complaint:

#### A. The Plaintiff:

JAMES W. GILLIAM, LLB
75 West Street
Warwick, New York 10990
(845) 544-1563
jgill12775@warwick.net

#### B. The Defendants:

GREENBERG TRAURIG, LLP,
Carmen Beauchamp Ciparick, Esq. (of Counsel), and
Toby S. Soli, Esq. (Shareholder)
One Vanderbilt Avenue
New York, NY 10017
TELEPHONE (212) 801-9200
FAX (212) 801-6400

Registered Agent for Service of Process:
CORPDIRECT AGENTS, INC.
 28 LIBERTY ST.
NEW YORK, NY 10005

### II. Basis for Jurisdiction:

1. **28 U.S. Code § 1331 – Federal question:**

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

## 2. 28 U.S. Code § 1343 – Civil rights and elective franchise:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

## 3. 42 U.S. Code § 1985 – Conspiracy to interfere with civil rights

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in

his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

## 4. 42 U.S. Code § 1986 - Action for neglect to prevent

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

## 5. First Amendment Retaliation Prohibitions:

Under the First Amendment, a citizen has the right [to free expression] [to petition the government] [to access the courts] [*other applicable rights*].

To establish the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove by a preponderance of the evidence that: the plaintiff was engaged in a constitutionally protected activity; the defendant's actions against the plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity; and the plaintiff's protected activity was a substantial or motivating factor in the defendant's conduct. See *Connell v. Signoracci*, 153 F.3d 74, 79 (2d Cir. 1998).

## VENUE

Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c). Defendants GREENBERG TRAURIG, LLP are actively engaged in the practice of law within the Southern District of New York, and the events giving rise to Plaintiffs claims of civil rights violations under: 42 U.S. Code Chapter 21 – CIVIL RIGHTS – have occurred and continue to occur in the Southern District of New York.

## BACKGROUND

1. **According to a New York Law Journal article: [April 16, 2021 at 04:42 PM]:**

   New York's top judge did not disclose her connection to the law firm **Greenberg Traurig** as two attorneys from the firm appeared before the Court of Appeals for arguments earlier this year, transcripts of the virtual proceedings showed. At the time of the arguments in early January, Chief Judge Janet DiFiore was being represented by a separate attorney from Greenberg Traurig in two lawsuits over the court system's decision to force out dozens of older judges. **(Emphasis supplied)**

   https://www.law.com/newyorklawjournal/2021/04/16/difiore-didnt-disclose-greenberg-traurig-connection-during-arguments-raising-questions/

2. **In a separate article filed By Ryan Tarinelli | April 26, 2021 at 05:07 PM from Judge Watch: The lead in states:**

   ### "Why Didn't She Recuse Herself'?"

   NY's Top Judge Sided With Her Own **Greenberg Traurig** Lawyer At the time the decision came down, **Greenberg Traurig** was representing the judge in litigation over the court system's decision to force out dozens of older jurists due to a budget cut. **(Emphasis supplied)**

   https://www.judgewatch.org/press-nys/2021/april-may/4-26-21-nylj-difiore-recusal-nylj.pdf

3. In yet another Greenberg Traurig connection with the New York Court of Appeals: "The New York State Court of Appeals announced on Wednesday that it is appointing Justice Carmen Beauchamp Ciparick as the chair of the State Board of Law Examiners. *Justice Ciparick, **who currently serves as counsel at the Manhattan law firm of Greenberg Traurig***, is best known for being an associate judge of the New York Court of Appeals from 1994 through 2012, and she served as acting chief judge in January 2009."

https://brooklyneagle.com/articles/2020/09/03/justice-carmen-beauchamp-ciparick-named-head-of-board-of-law-examiners/

4. Few sentences have been quoted more often than the aphorism: "*Justice must not only be done, but must also be seen to be done*". This dictum was laid down by Lord Hewart, the then Lord Chief Justice of England in the case of *Rex v. Sussex Justices,* [1924] 1 KB 256.

5. **12 CFR § 19.8 – Conflicts of interest.**

   **(a) *Conflict of interest in representation.***
   No person shall      appear      as counsel for      another person in an adjudicatory   proceeding if   it   reasonably   appears   that   such representation   may   be   materially   limited   by   that counsel's responsibilities to  a  third person or by  the counsel's  own  interests. The administrative  law  judge  may  take  corrective  measures  at  any stage  of  a  proceeding  to  cure  a  conflict  of  interest  in  representation, including the issuance of an order limiting the scope of representation or  disqualifying  an  individual  from  appearing  in  a  representative capacity for the duration of the proceeding.
   **(b) *Certification and waiver.***
   If any person appearing as counsel represents two or more parties to an adjudicatory  proceeding  or  also  represents  a  non-party  on  a

matter relevant to an issue in the proceeding, counsel must certify in writing at the time of filing the notice of appearance required by § 19.6(a):

**(1)** That the counsel has personally and fully discussed the possibility of conflicts of interest with each such party and non-party; and

**(2)** That each such party and non-party waives any right it might otherwise have had to assert any known conflicts of interest or to assert any non-material conflicts of interest during the course of the proceeding. [56 FR 38028, Aug. 9, 1991, as amended at 61 FR 20334, May 6, 1996]

6. **Conflict of Interest – New York:**

The Attorney General has similarly stated that a "board [B.O.L.E.] member's participation in deliberations has the potential to influence other board members who will exercise a vote with respect to the matter in question. Further, "…a board member with a conflict of interests should not sit with his or her fellow board members during the deliberations and action regarding the matter. The mere presence of the board member holds the potential of influencing fellow board members and additionally, having declared a conflict of interests, there would reasonably be an appearance of impropriety in the eyes of the public should the member sit on the board." Richard S. Mayberry, Esq., 1995 NY Op. Atty. Gen. (Inf.) 2 (N.Y.A.G.), 1995 WL 112012 (1995). [Parenthetical added]

### POSSIBLE CONFLICT OF INTERESTS CONSIDERED

7. On January 22, 2018, Discover Bank obtained a void judgment [lack of jurisdiction and fraud] against Plaintiff's wife Laura Gilliam. The resultant appeal to the Second Department was granted – see pertinent part below:

#### Supreme Court of the State of New York
#### Appellate Division: Second Judicial Department

D67320
Q/afa

_____AD3d_____

Submitted - September 10, 2021

CHERYL E. CHAMBERS, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2018-02062

DECISION & ORDER

Discover Bank, respondent,
v Laura Gilliam, appellant.

(Index No. 6315/17)

However, under the circumstances presented here, the Supreme Court should not have proceeded to adjudicate the plaintiff's motion for summary judgment without first permitting the defendant the opportunity to appear and participate in the action, either pro se, or with appropriate counsel (*see generally Arrowhead Capital Fin., Ltd. v Cheyne Specialty Fin. Fund L.P.*, 32 NY3d 645, 650; *Salt Aire Trading LLC v Sidley Austin Brown & Wood, LLP*, 93 AD3d 452, 453). Accordingly, we remit the matter to the Supreme Court, Orange County, to provide the defendant with an opportunity to serve and file an answer, opposition to the plaintiff's motion, and papers in support of her cross motion which do not violate Judiciary Law § 478, and thereafter for further proceedings, including a new determination of the plaintiff's motion for summary judgment on the complaint.

The parties' remaining contentions need not be reached in light of our determination.

CHAMBERS, J.P., CONNOLLY, ZAYAS and DOWLING, JJ., concur.

ENTER: *Maria T. Fasulo*

Maria T. Fasulo
Acting Clerk of the Court

November 3, 2021

Page 2.

DISCOVER BANK v GILLIAM

8. A case brought by Plaintiff against Discover Bank in the Supreme Court of Sullivan County was dismissed. The Appellate Division of the Third Department affirmed the trial court's dismissal and Chief Judge DiFiore summarily denied plaintiff's further appeal.

# *State of New York*
## *Court of Appeals*

*Decided and Entered on the*
*twenty-seventh day of May, 2021*

**Present**, Hon. Janet DiFiore, *Chief Judge, presiding.*

SSD 28
James W. Gilliam II,
     Appellant,
     v.
Discover Bank et al.,
     Respondents.

     Appellant having appealed to the Court of Appeals in the above title;

     Upon the papers filed and due deliberation, it is

     ORDERED, that the appeal is dismissed without costs, by the Court *sua sponte*,

upon the ground that no substantial constitutional question is directly involved.

Heather Davis
Deputy Clerk of the Court

9. It should be noted:

- Chief Judge DiFiore resigned amid serious ethical questions about her conflict of interest concerning her lawyers: GREENBERG TRAURIG, LLP. This was a summary judgment with none of the Court of Appeals Associate Judges joining her in denying Plaintiff's appeal. Perhaps a majority might have ruled to hear the case – but we will never know.

- Chief Judge DiFiore was instrumental in getting Judge  Carmen Beauchamp Ciparick to Chair the Board of Law Examiners – then as now – Judge Ciparick is listed by GREENBERG TRAURIG, LLP as

'of Counsel'. In view of Plaintiff's continued adversarial relationship with GREENBERG TRAURIG, LLP there appears to be a direct conflict of interest.

10. In the ongoing case of Discover Bank v. Laura Gilliam:



*WebCivil Supreme - Appearance Detail*

| Court: | **Orange Supreme Court** |
| Index Number: | **6315/2017** |
| Case Name: | **DISCOVER BANK vs. GILLIAM, LAURA** |
| Case Type: | **OM-Other** |
| Track: | **Standard** |

**Appearance Information:**

| Appearance Date | Time | Court Date Purpose | Outcome Type | Justice Part | Remarks | Motion Seq |
|---|---|---|---|---|---|---|
| 05/22/2023 | | Conference-Status | Held | Goldberg-Velazquez, Hon. Elena | Control to file motion | |
| 04/26/2023 | 03:30 PM | Conference-Status | Continued | Goldberg-Velazquez, Hon. Elena | in CR 4 | |
| 03/30/2023 | 09:30 AM | Conference-Status | Adjourned | Goldberg-Velazquez, Hon. Elena | | |
| 02/27/2023 | | Conference-Status | Rescheduled | Goldberg-Velazquez, Hon. Elena | CONTROL-MOTION FILED? | |
| 08/11/2022 | 12:30 PM | Conference-Preliminary | Held | Hyer, Hon. James L. | IN CR 4 | |
| 07/21/2022 | 03:00 PM | Conference-Preliminary | Rescheduled | Hyer, Hon. James L. | IN CR 4 | |
| 06/30/2022 | | Motion-Notice of Motion | Denied | Hyer, Hon. James L. | | 4 |
| 04/14/2022 | | Motion-Notice of Motion | Denied | Hyer, Hon. James L. | | 3 |
| 12/01/2017 | | Motion-Other | Decided | Bartlett, Hon. Catherine M. Catherine M. Bartlett (Mtn) | | 1 |
| 12/01/2017 | | Motion-Other | Decided | Bartlett, Hon. Catherine M. Catherine M. Bartlett (Mtn) | | 2 |

11. After being remitted to the Orange County Supreme Court by the Second Department the case in now in judicial limbo – the last entry above by Hon. Goldberg-Velazquez "Control-to file motion" is taken to mean that the ball is in GREENBERG TRAURIG's court to comply with the Second Department's Order (above) to remit the case back to the Supreme Court of Orange County **"…for further proceedings, including a new**

**determination of the plaintiff's motion for summary judgment on the complaint." Until this happens – the Defendant Laura Gilliam has no case to answer."**

12. You don't have to be a member of *Mensa* to figure out that a 65-year-old housewife with a High School diploma did not draft and file a winning appeal to New York's Second Department. Laura's husband – the Plaintiff in this action did and it is not a great leap of faith that GREENBERG TRAURIG – Discover Bank's attorneys – are frustrated and embarrassed at this legal impasse and it is logical to deduce that – out of animus for Plaintiff – they would retaliate by blocking his application to sit for the New York bar as here outlined in direct contravention of Plaintiff's Constitutionally guaranteed First and Fourteenth Amendment rights.

13. On information and belief – based on Plaintiff's recollection of the events: Plaintiff and Toby Soli, Esq. of GREENBER TRAURIG were waiting for the above case to be called when Judge Hyer adjourned until 2:30pm.

14. On her way out – Ms. Soli said, "Your Honor I strenuously object to the presence of Mr. Gilliam the Defendant's husband since he is a non-attorney and has no standing here and his presence violates the Appellate Court's specific order in violation of section 478."

15. Plaintiff replied, "Your, Honor I am here awaiting your ruling on my motion to join the case as a necessary party pursuant to CPLR 1001."

16. Judge Hyer – apparently angry – replied, "Your motion is denied and you are directed to return with your wife Laura Gilliam – the defendant in this case when we reconvene at 2:30."

17. After Plaintiff appeared before Judge Hyer, his motion to join as a co-defendant having been denied – Plaintiff sent the following email letter (abstract) to Toby Soli of GREENBERG TRAURIG, LLP making it clear that he planned to sit for the New York Bar exam at the earliest date and legitimately defend his wife Laura as her attorney after passing the exam:

***To recap the events in judge Hyer's courtroom:***

> ***The judge categorically made it clear that I could not officially or otherwise do or say anything that could remotely be construed as representing my wife Laura under threat of sanctions. In effect – a gag order. Which means: I can no longer communicate with you or anyone concerning the above action, more especially appear in court for Laura – she must either appear in person or be represented by counsel which she cannot afford.***

> ***Judge Hyer dismissed my (theoretically Laura's) § 1001 Necessary joinder of parties motion which has the effect of making Laura the only person your client can go after to collect its judgment. In MARTIN v. WILKS (1989) No. 87-1614 the Court established: "[O]ne is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process Hansberry v. Lee, 311 U.S. 32, 40. Pp. 761-762.***

> *Under ordinary application of the Federal Rules of Civil Procedure, a party seeking a judgment binding on another cannot obligate that person to intervene; he must be joined."*

> *I am a recent graduate of the University of London's undergraduate law programme. The academic ranking of the program is: 83 rd in the world, 21 st in Europe, and 16th in the UK. At this writing the New York Board of Law Examiners is evaluating my academic record and I will probably be setting for the New York Bar Exam in February 2023 and the day I receive my Bar Card – if a judgment against Laura exists I will file a notice of appearance as Laura's attorney of record followed by a Motion for Relief from Judgment (CPLR § R5015). (Emphasis supplied)*

18. At the time that Plaintiff sent the above email to Toby Soli, Esq. of GREENBERG TRAURIG, LLP – attorneys for Discover Bank – he had no idea that Judge Carmen Beauchamp Ciparick, Chair of the New York Board of Law Examiners was a prominent member of the firm of GREENBERG TRAURIG, LLP. See hypothetical below.†

19. Pursuant to his application to sit for the New York Bar exam under Rule 520.6 Foreign Trained Lawyers – Plaintiff received an email from BOLE [unfortunately deleted by mistake] that said in essence that because it was determined to be a "distance learning" degree it did not qualify for consideration under the rules as a *bona fide* legal credential and that unless he could have some official at the University [perjure themselves] write directly to the Board attesting to

his classroom attendance his evaluation of my foreign law degree could not go forward.

20. Plaintiff filed a request for waiver pursuant to Rule 520.14 – Petition for Waiver of Strict Compliance which was denied without explanation:



*State of New York*
*Court of Appeals*

*Lisa Le Cours*
*Chief Clerk and*
*Legal Counsel to the Court*

*Clerk's Office*
*20 Eagle Street*
*Albany, New York 12207-1095*

May 31, 2023

James W. Gilliam II
75 West Street
Warwick, NY 10990

Re: In the Matter of the Application of JAMES W. GILLIAM II for
waiver of strict compliance

Dear Mr. Gilliam:

I am directed by the Court of Appeals to advise you that your petition in the above-captioned proceeding, verified April 7, 2023, has been denied.

Very truly yours,

Lisa LeCours

LD:jc

21. Whether or not this was a case of judicial or administrative malfeasance based on collusion between the Court of Appeals – The Board of Law Examiners – and GREENBERG TRAURIG, LLP, is immaterial – the *taint* of impropriety [conduct that reasonable minds, with knowledge of all the relevant circumstances, would perceive as materially impairing the judge's independence, integrity, impartiality, temperament, or fitness to fulfill the duties of judicial office. HRCJC, "Terminology."] – is established in the above writings.

†





**Professionals**

One firm. One team.
Put our experience in your corner.



## Toby S. Soli

SHAREHOLDER

solit@gtlaw.com
+1 212.801.3196

New York

LITIGATION



## Carmen Beauchamp Ciparick

OF COUNSEL

Carmen.Ciparick@gtlaw.com
+1 212.801.6807

New York

APPEALS & LEGAL ISSUES

Carmen Beauchamp Ciparick advises clients on appellate matters, litigation strategy and mentors Greenberg Traurig's junior lawyers. She was appointed by the Chief Judge to co-chair the New York Justice Task Force that examines the causes of wrongful convictions. Carmen was also appointed by Mayor Bill de Blasio to serve as Chair of the Mayor's Advisory Committee on the Judiciary. Ciparick now serves as Chair of the New York State Board of Law Examiners.

22. A casual reader might remark: "The above is merely a generic thumbnail Bio describing a respected jurist who has joined the firm of GREENBERG TRAURIG, LLP and nothing more and nothing less."

23. A Dickensian [Charles Dickens – lawyer turned writer] ghost that legend has it – inhabits all court houses – might – after an eerie laugh – reply: "Welcome space traveler – you must be exhausted from your journey from your galaxy *'Far – Far – Away.'*"

24. CEOs of Fortune 500 Companies on Wall Street do not achieve their position by being – slow on the uptake.

25. What looks like *'puffing'* [In commerce: the practice of making exaggerated commendations especially for promotional purposes] to the casual reader of GREENBERG TRAURIG, LLP's website sends the loud and clear message to the CEO with several million dollars to spend on legal services: "Dear

CEO, if you find yourself losing in New York's lower courts – don't worry –

we have a *'in'* in the Court of Appeals – New York's highest court."

26. **According to a New York Law Journal article [April 16, 2021 at 04:42**

   **PM]:**

New York's top judge did not disclose her connection to the law firm **Greenberg Traurig** as two attorneys from the firm appeared before the Court of Appeals for arguments earlier this year, transcripts of the virtual proceedings showed. At the time of the arguments in early January, Chief Judge Janet DiFiore was being represented by a separate attorney from Greenberg Traurig in two lawsuits over the court system's decision to force out dozens of older judges. **(Emphasis supplied)**

https://www.law.com/newyorklawjournal/2021/04/16/difiore-didnt-disclose-greenberg-traurig-connection-during-arguments-raising-questions/

27. **In a separate article filed By Ryan Tarinelli | April 26, 2021 at 05:07 PM**

   **from Judge Watch: The lead in states:**

   **"Why Didn't She Recuse Herself'?"**

NY's Top Judge Sided With Her Own **Greenberg Traurig** Lawyer At the time the decision came down, **Greenberg Traurig** was representing the judge in litigation over the court system's decision to force out dozens of older jurists due to a budget cut. **(Emphasis supplied)**

https://www.judgewatch.org/press-nys/2021/april-may/4-26-21-nylj-difiore-recusal-nylj.pdf

28. **The official announcement of her [Judge Ciparick] appointment by the**

   **Court of Appeals – states in pertinent part:**

The Court of Appeals today announced the appointment of former Court of Appeals Judge Carmen Beauchamp Ciparick as chair of the

State Board of Law Examiners, which prepares and administers the bar examination for the admission of attorneys in New York.

"We are fortunate to have someone of Judge Ciparick's ability and experience to serve in such an important post," Chief Judge Janet DiFiore said. "The Board of Law Examiners is the gatekeeper that protects the quality and integrity of the legal profession. I am certain that Carmen Ciparick will lead the Board with great distinction."

**Judge Ciparick, of counsel at the law firm of Greenberg Traurig in Manhattan, was an Associate Judge of the New York Court of Appeals from January 1994 through December 2012 and served as Acting Chief Judge in January 2009. … (Emphasis supplied)**
https://www.nycourts.gov/ctapps/news/PressRel/BOLE-Ciparick.pdf

29. Potential clients with millions to spend on legal services are also paying attention to the legal media.

30. Return to Plaintiff's email to Toby Soli, Esq. of GREENBERG TRAURIG, LLP and picture a hypothetical GREENBERG TRAURIG, LLP inter-firm email relating to Plaintiff and Discover Bank's case against his wife Laura:

**Soli to Ciparick: in his email Gilliam intends to take the New York Bar exam – and if he passes – file an appearance on his wife Laura's behalf regarding our client Discover Bank's case against her. If he is successful – would that weaken our credibility with Discover – in as much as he wrote the successful appeal that went against us in the Second Department?**

**Ciparick to Soli: Don't worry – I'll handle this.**

31. The above hypothetical email exchange is offered as a plausible theory of impropriety on the part of Judge Ciparick – Of Counsel at GREENBERG

TRAURIG, LLP – and more importantly: the Chair of New York Board of Law Examiners.

32. This case has – for all intents and purposes possesses – all the trappings that make up the [Appearance of impropriety] variously defined in law as conduct perceived by a reasonable person to impair the ability to carry out official responsibilities with fairness, impartiality, objectivity, and integrity. See *Liljeberg v. Health Svcs. Acq. Corp.*, 486 U.S. 847 (1988); ("In 1974, Congress amended the Judicial Code "to broaden and clarify the grounds for judicial disqualification." 88 Stat. 1609. The first sentence of the amendment provides: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."").

## FACTUAL ALLEGATIONS

33. Discover Bank – notorious for its violations of Federal debt collection laws (FDCPA) filed a suit against Plaintiff's wife Laura in 2017. See below link for an example of Discover Bank's illegal debt collection practices.

https://topclassactions.com/lawsuit-settlements/lawsuit-news/discover-sued-in-fake-credit-card-agreement-class-action-lawsuit/

34. Plaintiff – just starting his second year at the University of London LLB Honours Programme – filed her answer as her – Attorney-in-Fact – pursuant to NY Gen Oblig L § 5-1502H (2019) which was considered by the trial

court to be a violation of JUD § 478. Practicing or appearing as attorney-at-law without being admitted and registered. The trial court granted Discover Bank's motion for summary judgment.

35. There being no law preventing Plaintiff from drafting Laura's *pro se* appeal to the Second Department – Plaintiff drafted the appeal – and the appeal was granted in a 4-0 decision on November 3, 2021.

https://www.nycourts.gov/courts/AD2/Handdowns/2021/Decisions/D67320.pdf

36. While the appeal was pending Discover Bank illegally restricted James and Laura Gilliam's savings account at KeyBank NA.

37. Since all funds in the account were exempt under New York's EIPA, James filed a suit against Discover Bank in Sullivan County Supreme Court for – among other allegations – abuse of process.

38. Plaintiff's action was dismissed – Plaintiff's appeal to the Third Department affirmed the trial court's decision – Plaintiff's appeal to the Court of Appeals As of Right NY CPLR § 5601 (2012) was denied by – then – Chief Judge DiFiore – a client of GREENBERG TRAURIG, LLP. And the U.S. Supreme Court denied Certiorari – the Court receives over 4,000 petitions per term and only hears about 350 of them.

https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21-139.html

## Count One

## 42 U.S. Code § 1985 - Conspiracy to interfere with civil rights

39. The foregoing paragraphs are realleged and incorporated by reference, herein.

40. The Defendant's conduct as alleged at length herein constitutes a conspiracy [defined as: an agreement between two or more people to commit an illegal act – See *Whitfield v. United States*, 453 U.S. 209 (2005)] to deny Plaintiff's Constitutionally protected application to sit for the bar examination under Rule 520.6 Admission of Foreign trained lawyers.

41. The stated reasons for the Defendant's conduct in denying Plaintiff's application were not constitutionally valid nor did they provide substantive due process meeting the Fourteenth Amendment prohibition of arbitrary laws and accordingly, would fail the strict scrutiny test. Instead they were a pretext to hide the Defendants' invidious discrimination against – this Plaintiff in particular.

42. In any case the Rule enforced here – the prohibition of distance learning in the study of law – demonstrates no compelling government interest that would be deemed necessary to advance that interest.

43. "A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process

Clause of the Fourteenth Amendment." *Schware v. Board of Bar Examiners*, 353 U.S. 232, (1957).

44. As a result – Plaintiff has sustained damage recoverable in this action.

## Count Two

## 42 U.S.C. § 1983 – Civil action for deprivation of rights:

45. The foregoing paragraphs are realleged and incorporated by reference herein.

46. The Defendant's conduct as alleged herein constitutes discrimination based on contravention of the established precedent – that "…a State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process Clause of the Fourteenth Amendment." See 353 U.S. 232 (1957).

47. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

48. As a result of Defendants' egregious conduct – Plaintiff has sustained damage recoverable in this action.

## Count Three

## Retaliation contravening Plaintiff's First Amendment rights:

49. The foregoing paragraphs are realleged and incorporated by reference herein.

50. To succeed on a First Amendment retaliation claim, a civil-rights plaintiff must demonstrate three things: The plaintiff engaged in protected conduct – like Plaintiff's application to sit for the New York bar examination for example; an adverse action was taken against the plaintiff that would deter "a person of ordinary firmness" from continuing to engage in that speech or conduct; and there is a cause-and-effect relationship between these two elements, for example: The adverse action was motivated at least in part by the plaintiff's protected conduct.

51. First Amendment retaliation claims have been recognized where for example: a bungalow owner's building permit was revoked immediately after the town learned that the owner would not dismiss his federal lawsuit against it.

52. Here: Plaintiff's writing a successful appeal for his wife – on information and belief – embarrassed the Defendant's law firm with their client DISCOVER BANK and therefore the denial of Plaintiff's right to sit for the bar exam was purely punitive in nature **(payback)** and served to foreclose Plaintiff's Constitutional protections.

53. Defendants' actions as alleged herein are retaliatory in nature contravening Plaintiff's constitutionally protected interests.

54. When the plaintiff is a private citizen (as opposed to a government employee), the level of injury that must be alleged is somewhat lower in as much as the First Amendment right to criticize public officials is well-established and supported by ample caselaw; a public official's retaliation against an individual exercising his or her First Amendment rights is a violation of § 1983 – as previously noted: Defendant Carmen Beauchamp Ciparick, Esq. is a public official occupying the Chair of the New York State Bar Board of Law Examiners ("BOLE") who acted *ultra vires* of her position for the benefit of GREENBERG TRAURIG, see *United States v. Lopez*, 514 U.S. 549, 567 (1995).

55. On knowledge and belief Defendant's conduct was and is based on the Defendant's discriminatory animus against this Plaintiff.

56. As a result of Defendants' illegal retaliatory conduct – Plaintiff has sustained damage recoverable in this action.

## Count Four

### 42 U.S. Code § 1986 - Action for neglect to prevent:

57. The foregoing paragraphs are realleged and incorporated by reference herein.

58. Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed,

and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action ... "

59. The senior executives of GREENBERG TRAURIG, LLP have a Rule 5.1(a) and legal duty to ensure that all lawyers employed by the firm operate within the confines of the U.S. Constitution and any and all statutes imitating from the Construction.

60. The senior executives of the firm have breached that duty by allowing defendants Soli and Ciparick to violate Plaintiff's Title 42 rights with reckless and wanton disregard.

61. Corporations can be charged with committing crimes and Federal criminal statutes apply to "whomsoever" or to any "person" who violates their prohibitions, terms which include not only individuals, but also corporations, companies, associations, firms, and partnerships. See, e.g., 18 U.S.C. §§ 371, 1956; 1 U.S.C. § 1.

62. Defendant firm of GREENBERG TRAURIG's failure to prevent the violation of Plaintiff's Due Process rights has caused damage to Plaintiff.

## PLAINTIFF'S ARGUMENT

## PREAMBLE

63. Whether the practice of law is a "right" or a "privilege" need not here be determined; it is not a matter of the State's grace, and a person cannot be barred except for valid reasons." P. 239, n. 5, *Schware v. Board of Bar Examiners*, 353 U.S. 232, (1957).

64. Judge Friendly of the Second Circuit, writing for a three-judge court in *Law Students Civil Rights Research Council, Inc., v. Wadmond*, 299 F. Supp. 117 (S.D.N.Y. 1969), encountered a similar issue.

65. In that case prospective bar applicants alleged that certain statutes governing admission to the New York bar chilled their First Amendment rights to free speech. The court held that it had power to hear the case – holding that:

> We fail to perceive what interest would be served by holding federal courts to be powerless to enjoin state officers from acting under a statute that allegedly deprives citizens of rights protected by the Civil Rights Act or promulgating regulations that are alleged to have that result simply because some of them are robed and others have been appointed by those who are. Rather it would seem anomalous that while federal courts could entertain a complaint similar to the plaintiffs' if made with respect to other licensed professions, such as medicine or accountancy, they are powerless with respect to admission to the bar. The grant of injunctive relief in a case like this would not have the in terrorem effect on state judges that the threat of a subsequent damage action would have; rather, it would furnish a

definitive ruling on a point of federal law for their future guidance, and, would not infringe the policy expressed in the federal anti-injunction statute, 28 U.S.C. § 2283, proscribing injunctions that would stay "proceedings in a State court." Plaintiffs do not challenge a state court's disposition of an individual case * * * 299 F. Supp. at 123. The purpose of the anti-injunction statute is to prevent a state court defendant from invoking the aid of a federal court to block an action instituted against him — not to prevent a state court applicant from seeking federal aid to eliminate what he considers an unconstitutional roadblock created by the state.

## INTRODUCTION

66. "While adjudicative practice calls for a good deal of "value judgment" in the choice, interpretation, and application of legal principles, such value judgments are not free of the constraints of reason.

67. As stated by one appellate court, "Every legal analysis should begin at the point of reason, continue along a path of logic and arrive at a fundamentally fair result."[1]

68. In *Sunrise Lumber Co., Inc. v. Biery Lumber Co.*, 195 App. Div. 170, 185 N.Y.S. 711 (N.Y. App. Div. 1921), the Court Held:  "To criticize, reverse, or overrule an administrative or judicial decision as "arbitrary," "capricious," "unsupported by law," or "contrary to precedent" is to say nothing more, but nothing less, than that the decision is deficient in logic and reason."

---

[1] Excerpt from Professor Douglas Lind's book, Logic and Legal Reasoning (2nd ed., The National Judicial College Press, 2007).

69. Under constitutional law, particularly in Canada and the United States, constitutions give federal and provincial or state governments various powers.

70. To go outside those powers would be *ultra vires*; for example, although the Court did not use the term in striking down a federal law in *United States v. Lopez,* 514 U.S. 549, 567 (1995) on the grounds that it exceeded the constitutional authority of Congress, the Supreme Court still declared the law to be *ultra vires*.

## FIFTH & FOURTEENTH AMENDMENT CONSIDERATIONS

71. "The legal profession plays a crucial rule in the national economy, and therefore the ability to practice should be considered a **"fundamental right"** that is protected by the Privileges and Immunities Clause." JUSTICE LEWIS F. POWELL, JR., *NEW HAMPSHIRE SUPREME COURT v. PIPER* 470 U.S. 274 (1985) **(Emphasis supplied)**.

72. In *Piper,* the Supreme Court followed *United Building and Construction Trades Council v. Camden* (1984) and applied a two-step analysis for applying the privileges and immunities clause of Article IV.

73. Plaintiff does now and always has claimed a Fifth Amendment **'property interest'** in obtaining a license to practice law in his home state of New York and Defendants' illegal foreclosure of that right serves no legitimate

state objective and denies his right to substantive due process and is therefore actionable in Tort and Equity.

74. In *Discover Bank v. Laura Gilliam*, Defendant's due process rights were ignored by the court of fast instance, denying her the right that all *pro se* litigants clearly have: ("...the right to a meaningful opportunity to be heard."). *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982). Quoting, (*Societe Internationale v. Rogers*, 357 U. S. 197 (1958), ("... for example — where a plaintiffs claim had been dismissed for failure to comply with a trial court's order — the Court read the "property" component of the Fifth Amendment's Due Process Clause to impose "Constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause.").

75. In *Armstrong v. United States* 364 U.S. 40 (1960), the Supreme Court held:

The Filth Amendment's [Takings Clause] . . . means more than merely the government taking a privately owned asset for itself. It also includes situations in which the government permanently deprives a private owner of possession of the asset or gives the asset (or the right to permanently physically occupy the asset) to someone else.... The Clause also applies to the confiscation of intangible property, including intellectual property such as patents, copyrights, trademarks and trade secrets. ... We also agree that it encompasses at a miramum situations in which the government takes property from A for the purpose of giving it to B solely for B's private benefit. [As occurred in the original judgment in Laura Gilliam's case]... The key areas of dispute about the meaning of the Takings Clause relate to how much

the government may burden an individual property owner before triggering its obligation to pay just compensation [even though the Court is not liable to Plaintiff for "Taking" under the Fifth Amendment — Defendants are liable in Tort and Equity.] [Parentheticals supplied]
.

76. It should be noted that interests in intangible as well as tangible property are subject to protection, under the Taking Clause of the Fifth Amendment and compensation must be paid for the taking of such things as contract rights and the ability to practice law, see, *Lynch v. United States*, 292 U.S. 571,579 (1934); *Omuia Commercial Corp. v. United States*, 261 U.S. 502, 508 (1923).

77. The Fifth Amendment requires compensation for the taking of "property," *Mitchell v. United States*, 267 U.S. 341 (1925); *United States ex rel. TVA v. Powelson*, 319 U.S. 266 (1943); *United States v. Petty Motor Ca*, 327 U.S. 372 (1946).

78. In *Armstrong* (above) the Court said: ("Any time some private party could seek a court order stopping another private party from engaging in harmful activities, the government can impose the same limitations through fines and court orders without a duty to compensate.")

79. Thus — in this case — it is not the government's duty to compensate, however, the duty to compensate lies with Defendants in any amount a trier of fact decides.

80. Further, Defendants' "taking" violations were the proximal cause in this case, as distinguished from, *Palsgraf v Long Is. R.R. Co.*, 248 NY 339, where the Court held: ("...from the point of view of the law, were the bounds of her immunity, with perhaps some rare exceptions, survivals for the most part of ancient forms of liability, where conduct is held to be at the peril of the actor.")

81. In that case, Mrs. Palsgraf could not hold the RR liable — which is not the case here where Defendants' egregious acts of retaliation against him denied him the *'fundamental right'* under *Piper* to sit for the New York bar exam under Rule 520.6, foreclosing his right – not only – to defend his wife in court since she does not possess the cognitive skills required to appear *pro se* or the funds to hire competent counsel or the right to make a living defending the rights of others in court.

82. In 1975, a unanimous Supreme Court held: that the professions are not exempt from the jurisdiction of the Sherman Antitrust Act. *Goldfarb v. Virginia Bar*, 421 U.S. 773 (1975) and by extension neither are law firms.

83. 42 U.S.C. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured in an action
at law, suit in equity, or other proper proceeding for redress.

## CONCLUSION

84. In furtherance of the Equal Protection Clause of the Fourteenth Amendment
    and in order for a classification to pass a U.S. Supreme Court test, the State
    must prove there is an imperative interest to the law and the classification is
    needed to further its interest.

85. The U.S. Supreme Court will also apply strict scrutiny if any classification
    interferes with a fundamental right, such as the Equal Protection Clause of
    the Fourteenth Amendment which in effect has largely supplanted the
    Privileges and Immunities Clause:

86. JUSTICE LEWIS F. POWELL, JR. delivered the opinion of the 8-1
    majority in *Piper* [*NEW HAMPSHIRE SUPREME COURT v. PIPER* 470
    U.S. 274 (1985)] and the Court held that the Privileges and Immunities
    Clause was intended to create one economic union out of a collection of
    states, and so it was relevant to employment and business regulations.
    Specifically the legal profession plays a crucial rule in the national
    economy, and therefore the ability to practice should be considered a
    "fundamental right" that is protected by the Privileges and Immunities
    Clause. Article IV, Section 2.

87. Chief Justice John Marshall, writing for a unanimous Court, began his opinion in *Marbury* with two premises: the "constitution controls any legislative act repugnant to it" and "an act of the legislature repugnant to the constitution is void." Congress cannot be entrusted to determine the constitutionality of legislation passed by the House and Senate, Marshall implied, for the same reason the London College censors could not be allowed to judge their own cause in Dr. Bonham's case.

88. "To what purpose are the powers [of Congress] limited" by the federal Constitution, Marshall asked, "if these limits may, at any time, be passed by those intended to be restrained?" He concluded that only the judicial branch of government can be entrusted with such an overreaching power: "It is emphatically the duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret the rule. If two laws conflict with each other, the court must decide on the operation of each."

85. ***"In licensing attorneys there is but one constitutionally permissible state objective: the assurance that the applicant is capable and fit to practice law. While a state can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar, any qualification must have a rational connection***

*with the applicant's fitness or capacity to practice law."* Schware v. Bar Examiners, 353 U.S. 232, 239, 77 S.Ct. 752, 756 (1957) *(emphasis added).*

## PRAYER FOR RELIEF

**WHEREFORE** Petitioner JAMES W. GILLIAM demands a jury trial and judgement against these Defendants to include – and by no means limited to – the following:

1. Actual, compensatory and/or statutory damages;

2. Punitive and/or exemplary damages for fraudulent, wanton, willful and/or reckless acts perpetrated by Defendants – estimated to be 10 Million Dollars or greater – depending on the discretion of the jury;

3. Awarding of reasonable attorney's fees to Plaintiff;

4. Awarding Plaintiff pre and post judgment interest;

5. Awarding Plaintiffs costs and expenses incurred in this action, and/or

6. Such other and further relief as this court may deem to be just and proper.

_____

Warwick, New York
July 14, 2023

## PLAITIFF'S CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or

needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that our failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

JAMES W. GILLIAM, LLB [Hons]
75 West Street
Warwick, New York 10990
(845) 544-1563
jgill12775@warwick.net

JS 44C/SDNY
REV.
10/01/2020

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| JAMES W. GILLIAM, LLB | GREENBERG TRAURIG LLP, TOBY S. SOLI ESQ., AND CARMEN BEAUCHAMP CIPARICK ESQ. |

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
75 WEST STREET, WARWICK, NY 10990 (845) 544-1563

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
              (DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S. Code Sections: 1983, 1985, and 1986 FORECLOSURE OF CIVIL RIGHTS GRANTED BY AMENDMENTS 1, 5, AND 14.

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [ ] Yes [x]   Judge Previously Assigned

**UNASSIGNED**

If yes, was this case Vol. [ ] Invol. [ ] Dismissed. No [x] Yes [ ]   If yes, give date _____ & Case No. _____

Is this an international arbitration case?        No [x]     Yes [ ]

*(PLACE AN [x] IN ONE BOX ONLY)*        **NATURE OF SUIT**

TORTS

ACTIONS UNDER STATUTES

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY/ [ ] 367 HEALTHCARE/ | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110  INSURANCE | [ ] 310 AIRPLANE | PHARMACEUTICAL PERSONAL | [ ] 625 DRUG RELATED | [ ] 422 APPEAL | [ ] 375 FALSE CLAIMS |
| [ ] 120  MARINE | [ ] 315 AIRPLANE PRODUCT | INJURY/PRODUCT LIABILITY | SEIZURE OF PROPERTY | 28 USC 158 | [ ] 376 QUI TAM |
| [ ] 130  MILLER ACT | LIABILITY | [ ] 365 PERSONAL INJURY | 21 USC 881 | [ ] 423 WITHDRAWAL | [ ] 400 STATE |
| [ ] 140  NEGOTIABLE | [ ] 320 ASSAULT, LIBEL & | PRODUCT LIABILITY | [ ] 690 OTHER | 28 USC 157 | REAPPORTIONMENT |
| INSTRUMENT | SLANDER | [ ] 368 ASBESTOS PERSONAL | | | [ ] 410 ANTITRUST |
| [ ] 150  RECOVERY OF | [ ] 330 FEDERAL | INJURY PRODUCT | | | [ ] 430 BANKS & BANKING |
| OVERPAYMENT & | EMPLOYERS' | LIABILITY | PROPERTY RIGHTS | | [ ] 450 COMMERCE |
| ENFORCEMENT | LIABILITY | | | | [ ] 460 DEPORTATION |
| OF JUDGMENT | [ ] 340 MARINE | PERSONAL PROPERTY | [ ] 820 COPYRIGHTS | [ ] 880 DEFEND TRADE SECRETS ACT | [ ] 470 RACKETEER INFLU- |
| [ ] 151  MEDICARE ACT | [ ] 345 MARINE PRODUCT | | [ ] 830 PATENT | | ENCED & CORRUPT |
| [ ] 152  RECOVERY OF | LIABILITY | [ ] 370 OTHER FRAUD | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | | ORGANIZATION ACT |
| DEFAULTED | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 840 TRADEMARK | | (RICO) |
| STUDENT LOANS | [ ] 355 MOTOR VEHICLE | | | | [ ] 480 CONSUMER CREDIT |
| (EXCL VETERANS) | PRODUCT LIABILITY | | | SOCIAL SECURITY | [ ] 485 TELEPHONE CONSUMER |
| [ ] 153  RECOVERY OF | [ ] 360 OTHER PERSONAL | [ ] 380 OTHER PERSONAL | LABOR | [ ] 861 HIA (1395ff) | PROTECTION ACT |
| OVERPAYMENT | INJURY | PROPERTY DAMAGE | | [ ] 862 BLACK LUNG (923) | |
| OF VETERAN'S | [ ] 362 PERSONAL INJURY - | [ ] 385 PROPERTY DAMAGE | [ ] 710 FAIR LABOR | [ ] 863 DIWC/DIWW (405(g)) | [ ] 490  CABLE/SATELLITE TV |
| BENEFITS | MED MALPRACTICE | PRODUCT LIABILITY | STANDARDS ACT | [ ] 864 SSID TITLE XVI | [ ] 850 SECURITIES/ |
| [ ] 160  STOCKHOLDERS | | | [ ] 720 LABOR/MGMT | [ ] 865 RSI (405(g)) | COMMODITIES/ |
| SUITS | | | RELATIONS | | EXCHANGE |
| [ ] 190  OTHER | | PRISONER PETITIONS | [ ] 740 RAILWAY LABOR ACT | | |
| CONTRACT | | [ ] 463 ALIEN DETAINEE | [ ] 751 FAMILY MEDICAL | FEDERAL TAX SUITS | [ ] 890 OTHER STATUTORY |
| [ ] 195  CONTRACT | ACTIONS UNDER STATUTES | [ ] 510 MOTIONS TO | LEAVE ACT (FMLA) | | ACTIONS |
| PRODUCT | | VACATE SENTENCE | | [ ] 870 TAXES (U.S. Plaintiff or | [ ] 891 AGRICULTURAL ACTS |
| LIABILITY | CIVIL RIGHTS | 28 USC 2255 | [ ] 790 OTHER LABOR | Defendant) | [ ] 893 ENVIRONMENTAL |
| [ ] 196 FRANCHISE | | [ ] 530 HABEAS CORPUS | LITIGATION | [ ] 871 IRS-THIRD PARTY | MATTERS |
| | [ ] 441 VOTING | [ ] 535 DEATH PENALTY | [ ] 791 EMPL RET INC | 26 USC 7609 | [ ] 895 FREEDOM OF |
| | [ ] 442 EMPLOYMENT | [ ] 540 MANDAMUS & OTHER | SECURITY ACT (ERISA) | | INFORMATION ACT |
| REAL PROPERTY | [ ] 443 HOUSING/ | | | | [ ] 896 ARBITRATION |
| [ ] 210  LAND | ACCOMMODATIONS | | IMMIGRATION | | [ ] 899 ADMINISTRATIVE |
| CONDEMNATION | [ ] 445 AMERICANS WITH | PRISONER CIVIL RIGHTS | | | PROCEDURE ACT/REVIEW OR |
| [ ] 220  FORECLOSURE | DISABILITIES - | | [ ] 462 NATURALIZATION | | APPEAL OF AGENCY DECISION |
| [ ] 230  RENT LEASE & | EMPLOYMENT | [ ] 550 CIVIL RIGHTS | APPLICATION | | |
| EJECTMENT | [ ] 446  AMERICANS WITH | [ ] 555 PRISON CONDITION | [ ] 465 OTHER IMMIGRATION | | [ ] 950 CONSTITUTIONALITY OF |
| [ ] 240  TORTS TO LAND | DISABILITIES -OTHER | [ ] 560 CIVIL DETAINEE | ACTIONS | | STATE STATUTES |
| [ ] 245  TORT PRODUCT | [ ] 448 EDUCATION | CONDITIONS OF CONFINEMENT | | | |
| LIABILITY | | | | | |
| [ ] 290  ALL OTHER | | | | | |
| REAL PROPERTY | | | | | |

[x] 440  OTHER CIVIL RIGHTS (Non-Prisoner)

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $_____   OTHER _____   JUDGE _____   DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: [x] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.
AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

(PLACE AN *x* IN ONE BOX ONLY)  **ORIGIN**

[x] 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from (Specify District) ☐ 6 Multidistrict Litigation (Transferred) ☐ 7 Appeal to District Judge from Magistrate Judge

☐ a. all parties represented

☐ b. At least one party is pro se.

☐ 8 Multidistrict Litigation (Direct File)

(PLACE AN *x* IN ONE BOX ONLY)  **BASIS OF JURISDICTION**  *IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   ☐ 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

JAMES W. GILLIAM, LLB

75 West Street

Warwick, New York 10990

(845) 544-1563 jgill12775@warwick.net

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

GREENBERG TRAURIG, LLP

One Vanderbilt Avenue

New York, NY 10017

TELEPHONE (212) 801-9200 FAX (212) 801-6400

DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [x] WHITE PLAINS   ☐ MANHATTAN

DATE July 14, 2023   *James W Gilliam*   ADMITTED TO PRACTICE IN THIS DISTRICT

SIGNATURE OF ATTORNEY OF RECORD   [x] NO

RECEIPT #   [ ] YES (DATE ADMITTED Mo. _____ Yr. _____) Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

Clear Form      Save      Print