UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES W. GILLIAM,

                Plaintiff,

       -v-

GREENBERG TRAURIG LLP, et al.,

                Defendants.

**OPINION & ORDER**

23-CV-06144 (PMH)

PHILIP M. HALPERN, United States District Judge:

    James W. Gilliam ("Plaintiff"), proceeding *pro se*, commenced this action on July 17, 2023 against Greenberg Traurig LLP ("Greenberg Traurig"), Carmen Beauchamp Ciparick ("Ciparick"), and Toby S. Soli ("Soli" and together, "Defendants"). (Doc. 1, "Compl."). Plaintiff presses four claims for relief: (1) a claim under 42 U.S.C. § 1985 for conspiracy to interfere with Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment; (2) a discrimination claim under 42 U.S.C. § 1983 for violation of the Plaintiff's rights under the Takings Clause of the Fifth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Due Process Clause of the Fourteenth Amendment; (3) a retaliation claim under 42 U.S.C. § 1983 for violation of the Plaintiff's rights under the First Amendment; and (4) a claim under 42 U.S.C. § 1986 for failure to prevent the conspiratorial deprivation of Plaintiff's constitutional rights. (*Id.*).

    Defendants filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) on October 26, 2023. (Doc. 17; Doc. 18, "Def. Br."; Doc. 19, "Warder Decl."). Plaintiff filed his opposition (Doc. 15, "Pl. Br."; Doc. 20, "Pl. Suppl. Br."), and the motion was fully submitted with the filing of Defendants' reply (Doc. 21, "Reply").

    For reasons set forth below, Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED and the Complaint is dismissed with prejudice.

## BACKGROUND

Discover Bank ("Discover") filed a debt collection action in 2017 against Plaintiff's wife, Laura Gilliam ("Mrs. Gilliam"), in New York Supreme Court, Orange County. (Compl. ¶¶ 7, 10–11, 33). Plaintiff, who is not licensed as an attorney in New York, filed an answer on Mrs. Gilliam's behalf. (*Id.* ¶ 34). The trial court found that Plaintiff's attempt to represent his wife constituted the unauthorized practice of law in violation of New York Judiciary Law § 478. (*Id.*). The court subsequently granted Discover's motion for summary judgment, and on January 22, 2018, Discover obtained a judgment against Mrs. Gilliam. (*Id.* ¶¶ 7, 34). Plaintiff alleges that he ghost-wrote Mrs. Gilliam's appeal brief to the Second Department but did not attempt to enter an appearance. (*Id.* ¶ 35). The Second Department affirmed the trial court's ruling on November 3, 2021, holding that Plaintiff's submission of papers on his wife's behalf violated New York Judiciary Law § 478 but that the trial court erred in granting Discover's motion for summary judgment without permitting Mrs. Gilliam to oppose the motion "*pro se*, or with appropriate counsel," and remanded the case for further proceedings. (*Id.* ¶ 7). Plaintiff does not allege that Greenberg Traurig represented Discover in the Second Department appeal or at any stage in the proceeding prior to the Appellate Division's remand to the trial court.

Soli, a shareholder at the law firm Greenberg Traurig, appeared on behalf of Discover after the case was remanded back to the trial court by the Second Department. (*Id.* ¶ 13). Plaintiff also appeared and sought to join in the lawsuit as a co-defendant, and Soli objected to Plaintiff's continued presence in light of the Second Department's order holding that Plaintiff's representation of his wife constituted the unauthorized practice of law. (*Id.* ¶¶ 13-17). The trial court denied Plaintiff's joinder motion. (*Id.* ¶ 16). Following that hearing, Plaintiff emailed Soli to

2

inform her that he had graduated from the University of London's undergraduate law program, would "probably be s[i]tting for the New York Bar Exam in February 2023." (*Id.* ¶ 17).

Plaintiff applied to sit for the New York bar exam. (*Id.* ¶ 19). The New York State Board of Law Examiners ("BOLE") sent Plaintiff an email informing him that the BOLE determined that Plaintiff's degree was conferred by a "distance learning" program and that his application to sit for the bar exam "could not go forward" unless Plaintiff provided documentation from the University of London "attesting to his classroom attendance." (*Id.*). Plaintiff filed a request with the New York Court of Appeals for a waiver of strict compliance with the requirement to provide documentation regarding in-person classroom attendance. (*Id.* ¶ 20). The New York Court of Appeals denied Plaintiff's waiver petition on May 31, 2023. (*Id.*).

The essence of Plaintiff's claims are that the Defendants conspired to deny Plaintiff's application to sit for the New York bar exam because they have been "frustrated and embarrassed" by the state appellate court's decision to remand his wife's case. (Compl. ¶ 12).

## **STANDARD OF REVIEW**

I.    Federal Rule of Civil Procedure 12(b)(6) Standard

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The presumption of truth, however, "is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 72. A plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[p]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even

in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

II.     Documents Considered

On a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), "the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014); *Manley v. Utzinger*, No. 10-CV-02210, 2011 WL 2947008, at *1 n.1 (S.D.N.Y. July 21, 2011) ("The Court may consider documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which plaintiff relied in bringing the suit."). Still, even if a document is not incorporated into the complaint by reference, the Court may consider it "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)); *see also Schafer v. Direct Energy Servs.*, LLC, 845 F. App'x 81, 82 (2d Cir. 2021) ("Where an extrinsic document is not incorporated

by reference, the district court may nevertheless consider it if the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.").

Here, Defendants submit eight exhibits attached to the declaration of attorney Frederick B. Warder III in support of their motion to dismiss. (Warder Decl., Exs. 1-8). These exhibits are various filings and orders entered in prior litigations between Plaintiff, Mrs. Gilliam, other law firms, and Discover Bank. (*Id.*). While it is true that the Court may take judicial notice of all of these documents, the documents are not germane to the issues raised in Defendants' motion to dismiss. The documents, to the contrary, are not referenced in or integral to Plaintiff's Complaint. Accordingly, the Court will not consider these extraneous documents in deciding Defendants' motion to dismiss.

## ANALYSIS

I.  First Claim: Section 1985 Conspiracy

Plaintiff's first claim for relief is brought under 42 U.S.C. § 1985, which provides, in pertinent part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . [and] do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured . . . may have an action for the recovery of damages occasioned by such injury or deprivation . . .

42 U.S.C. § 1985(3). This section "provides no substantive rights itself but merely 'provides a remedy for violation of the rights it designates.'" *Spencer v. Casavilla*, 903 F.2d 171, 174 (2d Cir. 1990) (quoting *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979)).

"A conspiracy claim under Section 1985(3) requires a plaintiff to allege: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (citing *Britt v. Garcia*, 457 F.3d 264, 269 n.4 (2d Cir. 2006)). "The conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus" based on "inherited or immutable characteristics." *Id.* Failure "to allege membership in a protected class" is a basis to dismiss a Section 1985 conspiracy claim. *Id.*

"In order to maintain an action under Section 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003). Plaintiff alleges "no facts upon which it may be plausibly inferred that the defendants came to an agreement to violate his constitutional rights." *Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir. 2012). Plaintiff's allegations, fabricating a purely "hypothetical email exchange" between Soli and Ciparick, do not save his claims. (Compl. ¶¶ 30-31). Plaintiff "cannot use any hypothetical allegations to nudge his claims across the line from conceivable to plausible" and therefore such hypothetical allegations do not allow Plaintiff's Section 1985 claim to survive a motion to dismiss. *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 306 (2d Cir. 2022).

Plaintiff's Section 1985 conspiracy claim separately fails because he fails to allege that the alleged conspiracy against him was "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus" based on Plaintiff's "inherited or immutable characteristics." *Dolan*, 794 F.3d at 296. Plaintiff instead alleges that Defendants' motivation to conspire to prevent

7

him from sitting for the New York bar exam is to stop him from representing his wife in the lawsuit brought against her by Discover. (Compl. ¶¶ 30-31). Plaintiff does not allege that Defendants' alleged conspiracy to prevent him from sitting for the New York bar exam is in any way motivated, or even related to, his "inherited or immutable characteristics." *Dolan*, 794 F.3d at 296.

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's first claim for relief under 42 U.S.C. § 1985 for conspiracy to interfere with Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment.

## II. Second Claim: Section 1983 Discrimination

Plaintiff alleges, in his second claim for relief brought under Section 1983, that Defendants discriminated against her in violation of his constitutional rights under the Takings Clause of the Fifth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Due Process Clause of the Fourteenth Amendment. (Compl. ¶¶ 39-44, 71-83). "To state a claim under Section 1983, a plaintiff must allege [1] the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A plaintiff pressing claims under Section 1983 must also "allege facts showing the defendants' direct and personal involvement in an alleged constitutional deprivation." *Johnson v. City of Newburgh*, 690 F. Supp. 3d 224, 238 (S.D.N.Y. 2023) (citing *Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.")).

### A. Violation of a Constitutional Right

Plaintiff has failed to allege that Defendants have violated his constitutional rights under the Takings Clause of the Fifth Amendment, the Equal Protection Clause of the Fourteenth

Amendment, or the Due Process Clause of the Fourteenth Amendment. The Second Circuit, in *Bazadier v. McAlary*, held that the New York regulations "which effectively bar a graduate of a correspondence law school from taking the New York bar examination, are not based upon the content of the instruction provided by a law school and do not favor or disfavor any form of speech on the ideas or views expressed." 464 F. App'x 11 (2d Cir. 2012). The Second Circuit accordingly held that "the district court properly dismissed [plaintiff's] equal protection claim." *Id.* at *2. Courts have similarly held that it is not a violation of an applicant's due process rights for a state to deny an application to sit for the bar exam when the applicant does not meet the state's requirements that applicants attend approved law schools. *See Onyiuke v. N.J. State Sup. Ct.*, 242 F. App'x 794, 797 (3d Cir. 2007) (plaintiff's due process rights were not violated by state requirement that applicants to sit the bar attend accredited law school); *Nordgren v. Hafter*, 789 F.2d 334 (5th Cir. 1986) (same); *Moore v. Sup. Ct. of S.C.*, 577 F.2d 735 (4th Cir. 1978) (same); *Hackin v. Lockwood*, 361 F.2d 499 (9th Cir. 1966) (same). Plaintiff's alleged denial of his application to sit for the New York bar exam for the failure to provide documentation of in-person instruction cannot, as a matter of law, give rise to claims under Section 1983 for the violation of either the Equal Protection Clause or the Due Process Clause of the Fourteenth Amendment.

Finally, Plaintiff has failed to allege a violation of his constitutional rights under the Fifth Amendment's Takings Clause. "If Plaintiff had been admitted to the bar, he would have a vested property right, but by definition he cannot have a property right in a professional license he has not yet obtained." *Alston v. Nat'l Conf. of Bar Examiners*, 314 F. Supp. 3d 620, 628 (E.D. Pa. 2018) (citing *Tolchin v. N.J. Sup. Ct.*, 111 F.3d 1099, 1115 (3d Cir. 1997)); *see also Potter v. N.J. Sup. Ct.*, 403 F. Supp. 1036, 1039 (D.N.J. 1975) (holding requirement that applicants to the bar attend an ABA-accredited law school did not deny plaintiff a property interest "in continued

9

permission to sit for the [state bar] examination"), *aff'd*, 546 F.2d 418 (3d Cir. 1976). Plaintiff cannot allege, as a matter of law, a violation of the Fifth Amendment's Takings Clause absent a cognizable property right.

    B.  Under the Color of State Law and Personal Involvement

Private individuals and entities, like Defendants, act under color of state law "only when (1) the state compelled the individual's conduct, (2) the individual acted jointly with the state, or (3) the individual fulfilled a role that is traditionally a public function performed by the state." *Dasler v. Washburn*, No. 23-1156, 2024 WL 1787123, at *2 (2d Cir. Apr. 25, 2024) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). Plaintiff does not allege that either Greenberg Traurig or Soli were compelled by the state, acted jointly with the state, or fulfilled a traditionally public function. "It is well-settled that private attorneys and law firms do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt*, No. 11–CV–05430, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012). The Court holds that Plaintiff has failed to allege that Greenberg Traurig and Soli acted under the color of state law.

Plaintiff alleges that Ciparick is "a public official occupying the Chair of the [BOLE]" (Compl. ¶ 54), an entity which the Second Circuit has held to be "an arm of the State of New York." *T.W. v. New York State Bd. of L. Examiners*, No. 22-1661, 2024 WL 3463499, at *4 (2d Cir. July 19, 2024) (citing *T.W. v. New York State Bd. of L. Examiners*, 996 F.3d 87, 92 (2d Cir. 2021)). Reviewing Plaintiff's allegations with "special solicitude" and interpreting them "to raise the strongest arguments that they suggest," the Court finds that Plaintiff has plausibly alleged that Ciparick acted under the color of state law in her role as chair of the BOLE. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). Notwithstanding this finding, Plaintiff's

Section 1983 claims against Ciparick fail because he has not alleged her "direct and personal involvement in an alleged constitutional deprivation." *Johnson*, 690 F. Supp. 3d at 238. As discussed above, the purely hypothetical email exchange between Soli and Ciparick (Compl. ¶¶ 30-31) alleged by Plaintiff do not "nudge his claims across the line from conceivable to plausible" and therefore such hypothetical allegations do not allow Plaintiff's Section 1983 claims to survive a motion to dismiss. *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 306 (2d Cir. 2022). Plaintiff does not allege what, if any, actions Ciparick took in connection with his application to sit for the New York bar exam.[2]

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's second claim for relief under 42 U.S.C. § 1983 for violation of his constitutional rights under the Takings Clause of the Fifth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Due Process Clause of the Fourteenth Amendment.

III.     Third Claim: Section 1983 Retaliation

Plaintiff alleges, in his third claim for relief brought under Section 1983, that Defendants retaliated against him in violation of Plaintiff's First Amendment rights. Specifically, Plaintiff alleges that he engaged in protected speech when he applied to sit for the New York bar examination and when he drafted "a successful appeal for his wife" in her litigation against Discovery Bank. (Compl. ¶¶ 50, 52). Plaintiff alleges that Defendants retaliated against him for the protected speech by denying Plaintiff's application to sit for the New York bar exam, which Plaintiff alleges was "purely punitive in nature." (*Id.* ¶ 52). A plaintiff asserting a First Amendment

---

[2] In any event, Ciparick would be entitled to qualified immunity to the extent that she is sued in her individual capacity because her "conduct did not violate federal statutory or constitutional rights that were clearly established at the time." *Anonymous v. Kaye*, 987 F. Supp. 131, 136 (N.D.N.Y. 1997) (dismissing claims against BOLE members sued in their individual capacities because "it is clear that the members of the New York State Board of Law Examiners are entitled to qualified immunity").

retaliation claim must establish that: "(1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." *Cox v. Warwick Valley Cent. School Dist.*, 654 F.3d 267, 272 (2d Cir. 2011). Plaintiff must allege, with respect to the third element, that the retaliatory motive was a "but for" cause of the adverse action. *See Barkai v. Mendez*, 629 F. Supp. 3d 166, 198 (S.D.N.Y. 2022). In other words, "[i]t is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury." *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019).

Plaintiff has failed to plausibly allege a causal connection between Defendants' retaliatory motive and the denial of his application to sit for the New York bar exam. Plaintiff alleges in the Complaint that his undergraduate law degree from the University of London did not include in-person classroom attendance, and as such, his application did not comply with the BOLE's requirements to sit for the New York bar exam. (Compl. ¶ 19). Plaintiff has therefore failed to plausibly allege that the BOLE's alleged denial of his application to sit for the New York bar exam "would not have been taken absent the retaliatory motive." *Nieves*, 587 U.S. at 399.

Separately, Plaintiff has also failed to plausibly allege that Defendants took any adverse action against him. As the Court concluded above, Soli and Greenberg Traurig are not state actors and are not alleged to have otherwise acted under color of state law. (*See supra* at 10-11). Plaintiff therefore cannot bring a Section 1983 retaliation claim against those defendants. *See Chladek v. Verizon N.Y. Inc.*, 96 F. App'x 19, 22 (2d Cir. 2004) (dismissing a Section 1983 retaliation claim against a private company where the plaintiff "fails to allege action that can be fairly attributed to a person acting under color of state law"). Additionally, Plaintiff fails to allege that Ciparick took any adverse action against him in connection with his application to sit for the New York bar exam.

(*See supra* at 10-11). Without allegations of personal involvement, Plaintiff's third claim against Ciparick fails. In any event, Ciparick is entitled to qualified immunity.

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's third claim for relief under 42 U.S.C. § 1983 for retaliation in violation of Plaintiff's First Amendment rights.

IV. <u>Fourth Claim: Section 1986 Failure to Prevent</u>

Plaintiff's failure to state a conspiracy claim under 42 U.S.C. § 1985 is fatal to his claim for relief under 42 U.S.C. § 1986 for failure to prevent the conspiratorial deprivation of Plaintiff's constitutional rights. Section 1986 provides a cause of action for neglect or refusal to prevent conspiracies to interfere with civil rights. *See* 42 U.S.C. § 1986. A plaintiff must, as a prerequisite for stating a Section 1986 claim, plausibly allege a conspiracy under Section 1985. *See Brown v. Vitucci*, No. 22-1070, 2023 WL 2961730, at *3 (2d Cir. Apr. 17, 2023) (citing *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996)) ("In the absence of a viable § 1985 claim, Brown's § 1986 claim also fails."). Absent an underlying conspiracy, there can be no action for failing to prevent such a conspiracy. *Id.*

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's fourth claim for relief under 42 U.S.C. § 1986 for failure to prevent the conspiratorial deprivation of Plaintiff's constitutional rights.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and dismisses the Complaint with prejudice.[3]

---

[3] The Court need not and does not, given the conclusions herein, reach the balance of Defendants' arguments made in their motion to dismiss.

While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . . leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). For all the reasons described herein, the Court dismisses the claims alleged in Plaintiff's Complaint with prejudice as any amendment would be futile.

The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 17.

**SO ORDERED.**

Dated:   White Plains, New York
         September 4, 2024

_____
PHILIP M. HALPERN
United States District Judge